UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF PRISONS, *et al.*, <br><br> Defendants. | Civil Action No. 20-3031 (RCL) |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants the Federal Bureau of Prisons ("BOP"), the U.S. Department of Justice ("DOJ"), and the U.S. Department of Health and Human Services ("HHS"), by and through undersigned counsel, respectfully submit this Answer to the Complaint filed by the American Civil Liberties Union and the American Civil Liberties Union Foundation ("Plaintiffs"). This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This case is exempt from the requirements of Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, pursuant to Local Civil Rule 16.3(b)(10). Defendants deny all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer.

**RESPONSES TO NUMBERED PARAGRAPHS**

1. Paragraph 1 sets forth Plaintiffs' characterization of background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

2. Paragraph 2 sets forth Plaintiffs' characterization of the claims at issue in this FOIA action, to which no response is required.

3. Paragraph 3 sets forth information regarding COVID-19, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

4. Paragraph 4 sets forth Plaintiffs' characterization of background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent a response is required, Defendants admit that the BOP houses more than 150,000 inmates in facilities across the United States, and deny the remainder of Paragraph 4.

5. Paragraph 5 sets forth Plaintiffs' characterization of background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

6. Paragraph 6 sets forth Plaintiffs' characterization of background information, not allegations of fact pertinent to the resolution of the claims at issues in this FOIA action, to which no response is required.

7. Paragraph 7 sets forth Plaintiffs' characterization of background information, not allegations of fact pertinent to the resolution of the claims at issues in this FOIA action, to which no response is required.

8. Paragraph 8 sets forth Plaintiffs' characterization of background information, not allegations of fact pertinent to the resolution of the claims at issues in this FOIA action, to which no response is required.

9. Paragraph 9 sets forth Plaintiffs' characterization of background information, not allegations of fact pertinent to the resolution of the claims at issues in this FOIA action, to which no response is required.

10. Paragraph 10 sets forth Plaintiffs' characterization of background information, not allegations of fact pertinent to the resolution of the claims at issues in this FOIA action, to which no response is required.

11. Paragraph 11 sets forth Plaintiffs' characterization of background information, not allegations of fact pertinent to the resolution of the claims at issues in this FOIA action, to which no response is required.

12. Defendant BOP admits that Plaintiff submitted a FOIA request to the BOP in April of 2020. *See* Compl. Ex. A. Defendant DOJ admits that Plaintiff submitted a FOIA request in July of 2020 to DOJ, submitted separate FOIA requests to the following DOJ components – Office of Justice Programs[1] ("OJP") and the Office of Legal Counsel ("OLC"). *See* Compl. Exs. B, C, D, E, F, G. Defendant HHS admits that Plaintiff submitted a FOIA request to the Centers for Disease Control ("CDC") in July of 2020. *See* Compl. Ex. H.

13. Defendant BOP admits that it granted expedited processing and admits it has not made a final determination concerning the Plaintiffs' FOIA request. BOP further states that on June 26, 2020, BOP emailed the Plaintiffs and provided links to COVID-19 records, Program Statements, and clinical guidelines BOP made public. CDC admits that it granted expedited processing and admits it has not made a final determination concerning the Plaintiffs' FOIA request. OLC denied expedited processing and admits that it has not made a final determination regarding Plaintiffs' FOIA request. Defendants deny the remainder of Plaintiffs' allegations.

14. Paragraph 14 contains conclusions of law, not allegations of fact, to which no response is required.

---

[1] The Bureau of Justice Statistics, the Bureau of Justice Assistance, the National Criminal Justice Reference Center are all components of the Office of Justice Programs ("OJP"). OJP's FOIA Office processes the FOIA requests for all three of these components.

## JURISDICTION AND VENUE[2]

15. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants admit that this Court has subject matter jurisdiction under FOIA, subject to its terms and limitations.

16. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants admit that this venue is proper in this judicial district under FOIA.

## PARTIES

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. Defendant BOP admits that it is an agency of the United States government and that it is headquartered in Washington, D.C. The remainder of this paragraph contains conclusions of law, not allegations of fact, to which no response is required.

20. Defendant DOJ admits that it is a department of the executive branch of the United States government and that it is headquartered in Washington, D.C. The remainder of this paragraph contains conclusions of law, not allegations of fact, to which no response is required.

---

[2] For ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

21. Defendant HHS admits that it is a department of the executive branch of the United States government and that it is headquartered in Washington, D.C. The remainder of this paragraph contains conclusions of law, not allegations of fact, to which no response is required.

### **FACTS**

22. Defendants only admit that on April 29 and July 1, 2020, Plaintiffs submitted separate FOIA requests to BOP and CDC. Defendants respectfully refer the Court to Plaintiffs' FOIA requests for a true and complete statement of their content, and deny the allegations to the extent they fail to reflect or accurately characterize the FOIA requests' full contents. *See* Compl. Exs. A and H. The remainder of this paragraph contains conclusions of law, not allegations of fact, to which no response is required.

#### A.  The ACLU's April 29 BOP Request and the BOP's Responses

23. Defendant BOP admits that Plaintiffs submitted to it a FOIA request dated April 29, 2020. BOP respectfully refers the Court to Plaintiffs' FOIA request for a true and complete statement of its content, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA request's full contents. *See* Compl. Ex. A.

24. Paragraph 24 constitutes Plaintiffs' characterization of their FOIA request. BOP respectfully refers the Court to Plaintiffs' FOIA request for a true and complete statement of its content, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA request's full contents. *See* Compl. Ex. A.

25. Paragraph 25 constitutes Plaintiffs' characterization of their FOIA request. BOP respectfully refers the Court to Plaintiffs' FOIA request for a true and complete statement of its content, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA request's full contents. *See* Compl. Ex. A.

26. Admit.

27. Paragraph 27 constitutes Plaintiffs' characterization of an email sent by BOP. To the extent a response is required, BOP admits it sent Plaintiff an email dated June 26, 2020, and denies the remainder of Paragraph 27. BOP further states that the June 26, 2020 email provided Plaintiffs with links to over 276 pages of specific BOP records concerning COVID-19, Program Statements/policies, and clinical guidelines BOP made public.

28. Paragraph 28 constitutes Plaintiffs' characterization of their FOIA request, to which no response is required. To the extent a response is required, BOP states that it has not issued a final determination regarding Plaintiffs' FOIA request.

**B.     The ACLU's July 1 Requests and the Responses from DOJ and CDC**

29. Defendants DOJ and HHS admit that Plaintiffs submitted FOIA requests dated July 1, 2020 to DOJ and its component, as well as the CDC.

*July 1 DOJ Requests*

30. Defendant DOJ admits that Plaintiffs submitted a FOIA request to it and to some of its components. DOJ respectfully refers the Court to Plaintiffs' FOIA requests for a true and complete statement of their contents, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA requests' full contents. *See* Compl. Exs. B, C, D, E, F, and G.

31. Paragraph 31 constitutes Plaintiffs' characterization of their FOIA requests, to which no response is required. To the extent a response is required, DOJ respectfully refers the Court to Plaintiffs' FOIA requests for a true and complete statement of their contents, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA requests' full contents. *See* Compl. Exs. B, C, D, E, F, and G.

32. Paragraph 32 constitutes Plaintiffs' characterization of their FOIA requests, to which no response is required. To the extent a response is required, DOJ respectfully refers the Court to Plaintiffs' FOIA requests for a true and complete statement of their contents, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA requests' full contents. *See* Compl. Exs. B, C, D, E, F, and G.

33. DOJ admits that OJP acknowledged receipt of Plaintiffs' FOIA requests on July 8, 2020, and assigned tracking numbers.[3]

34. Paragraph 34 constitutes Plaintiffs' characterization of an acknowledgment from DOJ, to which no response is required. To the extent a response is required, BOP denies Paragraph 34 and states the DOJ's Mail Receiving Unit and BOP both acknowledged receipt of Plaintiffs' FOIA request on July 10, 2020, and on this same date, BOP advised Plaintiffs that its request is partially duplicative of its April 29, 2020, request and that BOP combined both requests under the single FOIA Request Number 2020-03469 and granted expedited processing of FOIA Request 2020-03469.

35. Admit.

36. On July 10, 2020, BOP granted expedited processing for the April 29th and the July 10th requests. Since July 10, 2020, BOP has not communicated with Plaintiff.

### July 1 Request to CDC

37. Admit.

38. Admit.

39. Admit.

---

[3] The Bureau of Justice Statistics, the Bureau of Justice Assistance, the National Criminal Justice Reference Center are all components of the Office of Justice Programs ("OJP"). OJP's FOIA Office processes the FOIA requests for all three of these components.

### CLAIM FOR RELIEF I
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

40. Paragraph 40 contains conclusions of law, not allegations of fact, to which no response is required.

41. Paragraph 41 contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is required, Defendants admit that they are agencies subject to FOIA and deny the remainder of paragraphs 41.

42. Paragraph 42 contains conclusions of law, not allegations of fact, to which no response is required.

43. Paragraph 43 contains conclusions of law, not allegations of fact, to which no response is required.

44. Paragraph 44 contains conclusions of law, not allegations of fact, to which no response is required.

45. Paragraph 45 contains conclusions of law, not allegations of fact, to which no response is required.

46. Paragraph 46 contains conclusions of law, not allegations of fact, to which no response is required. This paragraph also contains Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny.

### CLAIM FOR RELIEF II
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

47. Paragraph 47 contains conclusions of law, not allegations of fact, to which no response is required.

48. Paragraph 48 contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is required, Defendants admit that they are agencies subject to FOIA and deny the remainder of paragraphs 48.

49. This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

50. This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

51. This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

52. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. This paragraph also contains Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny.

## REQUEST FOR RELIEF

These paragraphs contain Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## FIRST DEFENSE

Certain of the information sought by Plaintiffs is exempt from release under one or more FOIA exemptions.

## SECOND DEFENSE

Plaintiffs are neither eligible nor entitled to attorneys' fees or costs.

## **THIRD DEFENSE**

The Court lacks jurisdiction to award relief that exceeds that authorized by FOIA.

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.

Dated:  December 16, 2020                    Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

Daniel F. Van Horn, D.C. Bar #924092
Chief, Civil Division

By: /s/ *Kathleene Molen*
KATHLEENE MOLEN
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: (202) 803-1572
Kathleene.Molen@usdoj.gov

*Counsel for Defendants*