UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF PRISONS, *et al.*, <br><br> Defendants. | Civil Action No. 20-3031 (RCL) |

## JOINT STATUS REPORT

Pursuant to the Court's March 19, 2021, Order, the parties respectfully submit the following Joint Status Report to apprise the Court on the status of the processing of Plaintiffs' Freedom of Information Act ("FOIA") requests.

On April 29, 2020, and July 1, 2020, Plaintiffs submitted eight separate Freedom of Information Act ("FOIA") requests to the Department of Justice's ("DOJ") Mail Referral Unit, and to an additional six DOJ components – the Federal Bureau of Prisons; the Bureau of Justice Statistics, Bureau of Justice Assistance, National Criminal Justice Reference Center, Office of Justice Programs, Office of Legal Counsel; and to the Department of Health and Human Services ("HHS"), more specifically the Centers for Disease Control ("CDC"). *See* Compl. ¶ 22. Plaintiffs filed this action under the FOIA on October 21, 2020. *See* ECF No. 1.

The status of each component's response is as follows:

**HHS Request:**

On March 1, 2021, the CDC provided Plaintiffs with its first release of non-exempt information. The CDC processed 571 pages; 513 pages required consultation with other agencies, 4 pages were released in full, 11 pages released in part, and 43 pages were withheld in full. On March 31, 2021, the CDC provided Plaintiffs with a second release of non-exempt information. The CDC processed 1,654 pages; 247 pages were released in full, 94 pages were released in part, and 641 pages were withheld in full. An additional 672 pages from the March 31 production required consultation with other agencies, bringing the total number of consult pages to 1,185. The CDC hopes to provide the non-exempt information contained in these pages by the end of April 2021 which will complete the CDC's productions.

**DOJ Requests:**

**Bureau of Justice Assistance** - FOIA Request No: 20-FOIA-0021: The search is complete, no responsive records were located.

**National Criminal Justice Reference Center** – FOIA Request No: 20-FOIA-00220: The search is complete. Records were referred to a separate DOJ component for consultation. On February 26, 2021, OJP provided its final determination letter with respect to this request.

**Bureau of Justice Statistics** – FOIA Request No. 20-FOIA-00219. The search was completed on December 28, 2020, and no responsive records were located.

**Office of Justice Programs** – FOIA Request No. 20-FOIA-00218. This request is subsumed by requests 20-FOIA-00219 (BJS), 20-FOIA-00220 (NCJRS), and 20-FOIA-00221

(BJA). OJP has completed processing these FOIA requests and provided Plaintiff with a final determination letter.

**Federal Bureau of Prisons ("BOP")** – On March 8, 2021, the parties came to an agreement with respect to the search parameters to be tested for the BOP FOIA request. The tested search parameters yield approximately 237,000 of potentially responsive records (a record can be comprised of multiple pages). BOP has begun processing the records for responsiveness. The government has proposed that BOP will process 500 pages monthly for the responsiveness review. BOP anticipates making its first rolling release on May 6, 2021.

On April 2, 2021, BOP released 143 pages of non-exempt information pertaining to the Congressional inquiries.

**Defendant's Position:**

With respect to the de-duplication, BOP encountered funding and contracting issues which have pushed back the process until June 1st. Nevertheless BOP has begun processing the records for responsiveness and anticipates making its next release on May 6, 2021. Taking into consideration all of the other FOIA requests currently in litigation and being processed, BOP states that a processing rate of 500 pages per month is reasonable and is a common processing rate for FOIA cases in this District. *See, e.g.,* Min. Order, *Martinez v. Dep't of Justice, et al.*, No. 20-cv-0251 (RDM) (June 5, 2020) (ordering 500 page per month processing rate); Min. Order, *Reporters Comm. for Freedom of the Press v. CBP,* No. 19-cv-2401 (CRC) (Apr. 3, 2020) (ordering 500 page per month processing rate); Min. Order, *S. Utah Wilderness Alliance v. Dep't of Interior*, No. 19-cv-2203 (TNM) (Nov. 25, 2019) (ordering 500 page per month processing

rate); Min. Order, *Ctr. For Reproductive Rights v. Dep't of State,* No. 18-cv-2217 (DLF) (Apr. 3, 2019) (denying plaintiff's request for a 1,000 page per month processing rate; ordering a 300 page per month processing rate); Min. Order, *Ctr. For Bio. Diversity v. Dep't of Interior*, No. 17-cv-1595 (RC) (July 23, 2019) (ordering 500 page per month processing rate).

**Plaintiffs' Position:**

Plaintiffs note that nearly one full year after they submitted their expedited FOIA request, the BOP has not produced any emails. The 237,000 records identified above still have not been de-duplicated, even though BOP submitted the results for de-duplication on March 9 and BOP represented to the Court in its March 16, 2021 status report that de-duplication "usually takes approximately two weeks." Dkt. 19 at 4. BOP has now asserted that it will not even begin de-duplication until June 1, 2021. Plaintiffs intend to file a separate motion seeking completion of the de-duplication and a de-duplicated estimate of potentially responsive records by a date certain. Plaintiffs also will seek a minimum processing rate of 1,000 pages per month, which is consistent with other cases involving similar expedited FOIA requests. *See, e.g., Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (5,000 pages per month); *Elec. Privacy Info. Ctr. v. DOJ*, 416 F. Supp.2d 30, 38-40 (D.D.C. 2006) (collecting cases setting rates of 1500 pages every 15 days, 6000 pages within 60 days, and the "vast majority" of 7500 pages within 32 days); *Al Otro Lado v. DHS*, 20-cv-5191, ECF No. 35 (C.D. Cal. Sept. 23, 2020) (order) (1,000 pages per month for FOIA requests concerning COVID-19 outbreaks in immigration detention facilities during the pandemic). Plaintiffs' motion will include additional authority.

**Office of Legal Counsel ("OLC") –** FOIA Request No. FY20-116.  On February 11, 2021, the parties met and conferred to discuss the request to the Office of Legal Counsel and how to narrow the request for a more targeted search.  The parties agreed that Plaintiffs would provide revised language narrowing the second category of the request.  The parties also agreed that OLC would conduct a search of its database containing OLC legal advice provided outside of the office (and potentially the underlying requests for legal advice) for records pertaining to COVID and detention centers.  OLC completed that search and provided Plaintiffs with a final response regarding that search on March 15, 2021.

On February 18, 2021, the parties came to an agreement with respect to the search parameters for the electronic communications.  OLC explained to Plaintiffs that given its mission and its line of work, the vast majority of OLC's communications with external entities may be covered by the attorney-client and deliberative process privileges of FOIA Exemption 5. On February 18, 2021, OLC submitted a search request to the Justice Management Division, the division tasked with conducting electronic searches for all of the DOJ's leadership offices. OLC's initial electronic search is now complete.  The electronic search yielded approximately 40,000 potentially responsive records.  OLC has begun its responsiveness review and will likely be able to identify substantive categories that OLC will either seek to narrow out or seek agreement about non-responsiveness with Plaintiffs.

**DOJ's Mail Referral Unit Request –** The Mail Referral Unit confirmed that this request was forwarded to BOP on July 10, 2020.

\*     \*     \*

Based on the above, the parties agree that it is premature to determine whether summary judgment briefing is necessary. The parties agree to continue conferring throughout the production process with the goal of reducing the number of disputed issues for litigation and, to the extent possible, resolving these issues without resorting to summary judgment briefing.

However, the parties agree that they are at an impasse regarding the BOP's completion of the de-duplication, volume of responsive documents, and processing rate. Plaintiffs intend to file a motion to compel next week.

Accordingly, the parties respectfully propose to submit a Joint Status Report on May 17, 2021, updating the Court on the progress of the processing of Plaintiffs' requests.

Respectfully submitted,

| | |
|---|---|
| /s/ *Nicholas G. Gamse* | CHANNING D. PHILLIPS, D.C. Bar #415793 |
| Nicholas G. Gamse | Acting United States Attorney |
| Thomas Goodman Hentoff | |
| Suraj Kumar | BRIAN P. HUDAK |
| WILLIAMS & CONNOLLY LLP | Acting Chief, Civil Division |
| 725 12th Street, N.W. | |
| Washington, D.C. 20005 | By: /s/ *Kathleene Molen* |
| 202-434-5690 | KATHLEENE MOLEN |
| 202-434-5804 | Assistant United States Attorney |
| 202-434-5482 | 555 4th Street, N.W. |
| ngamse@wc.com | Washington, District of Columbia 20530 |
| thentoff@wc.com | 202-803-1572 |
| skumar@we.com | Kathleene.molen@usdoj.gov |
| | |
| *Counsels for Plaintiffs* | *Counsel for Defendants* |

Dated: April 16, 2021